J-S19017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVEN EVERETT | |
| Appellant | No. 2700 EDA 2014 |

Appeal from the Judgments of Sentence Entered August 19, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at Nos: CP-51-CR-0004228-2012;
CP-51-CR-0004238-2012; and CP-51-CR-0004237-2012

BEFORE:  BENDER, P.J.E., STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 13, 2016**

Appellant Steven Everett appeals from the August 19, 2014 judgments of sentence entered in the Court of Common Pleas of Philadelphia County ("trial court") following Appellant's bench convictions for two counts of forgery, two counts of theft by unlawful taking, attempted theft by unlawful taking, two counts of theft by deception, two counts of identity theft, two counts of receiving stolen property, two counts of tampering with records or identification, two counts of unauthorized use of a motor vehicle, and two counts of altering, forging, or counterfeiting documents and plates.[1] Appellant's counsel has filed a petition to withdraw, alleging that this appeal

---

[1] 18 Pa.C.S.A. §§ 4101(a)(1), 3921(a), 901(a), 3922(a)(1), 4920(a), 3925(a), 4104(a), and 3928(a), and 75 Pa.C.S.A. § 7122(1).

is wholly frivolous, and filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). For the reasons set forth below, we affirm Appellant's judgments of sentence, and grant counsel's petition to withdraw.

The facts and procedural history underlying this case are undisputed. As recounted by the trial court:

> On January 12, 2012, [Appellant] contacted Collin's Towing to come pick up a car in the area of 52nd and Baltimore Ave in Philadelphia for the purpose of selling it for scrap. When the tow truck driver for the company, Pedro Santos, arrived at the location, [Appellant] directed him to a 1998 green Bonneville parked on the street. [Appellant] provided Mr. Santos with a temporary title document which had his name on it and the vehicle identification number ("VIN") that matched the Bonneville. Mr. Santos then had [Appellant] sign the towing agreement stating that the Bonneville belonged to him. Mr. Santos paid [Appellant] $300 for the vehicle and towed it to the junkyard. Later it was determined that the temporary title document was fake and the car actually belonged to Amelia Brown. Ms. Brown did not give [Appellant] permission to possess or tow her car from where she had parked it on the street.
>
> On January 25, 2012, a similar incident occurred involving [Appellant]. [Appellant] contacted another towing company, Four Daughters. An employee from Four Daughters, Jose Colon, went to 61st and Chestnut Streets to buy a junk car from [Appellant] to sell for scrap. Again, [Appellant] provided a forged title document indicating that he owned the vehicle to be towed. Mr. Colon gave [Appellant] $350 for the vehicle and [Appellant] then left the area. While Mr. Colon was still at the location, the owners of the vehicle arrived and stated that they were the true owners of the car.
>
> On January 26, 2012, Philadelphia police executed a Warrant on [Appellant's] home address, 605 East Stafford St. While inside the property they found two other fraudulent registration forms for a Geo Prizm and a Cadillac that had altered VINs and [Appellant's] name.

Trial Court Opinion, 8/4/15, at 2-3. Eventually, Appellant was convicted of all of the above-referenced crimes. The trial court sentenced Appellant to an

aggregate term of 1 to 3 years' imprisonment, followed by four years' probation. Appellant did not file any post-sentence motions, but timely appealed to this Court. Following Appellant's filing of Pa.R.A.P. 1925(b) statement, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On November 23, 2015, Appellant's counsel filed in this Court a motion to withdraw as counsel and filed an **Anders** brief, wherein counsel raises three issues for our review:

> [I.] Whether Appellant's convictions were against the weight and credibility of evidence.
>
> [II.] Whether the adjudication of guilt is based upon insufficient evidence that Appellant forged any document or that he took possession of another's property.
>
> [III.] Whether the [trial court] erred when it imposed an unduly harsh, excessive and unwarranted sentence.

**Anders** Brief at 6.

When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). It is well-established that, in requesting a withdrawal, counsel must satisfy the following procedural requirements: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) provide a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel, proceed *pro se* or raise additional arguments that the defendant considers worthy of the

court's addition. ***Commonwealth v. Lilley***, 978 A.2d 995, 997 (Pa. Super. 2009).

Instantly, counsel's petition to withdraw from representation provides that counsel reviewed the record and concluded that the appeal is frivolous. Furthermore, counsel notified Appellant that he was seeking permission to withdraw and provided Appellant with copies of the petition to withdraw and his ***Anders*** brief. Counsel also advised Appellant of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention. Accordingly, we conclude that counsel has satisfied the procedural requirements of ***Anders***.

We next must determine whether counsel's ***Anders*** brief complies with the substantive requirements of ***Santiago***, wherein our Supreme Court held:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Here, our review of counsel's brief indicates that he has complied with the briefing requirements of ***Santiago***. We, therefore, conclude that counsel has satisfied the minimum requirements of ***Anders***/***Santiago***.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5. Thus, we now turn to the merits of Appellant's appeal.

Appellant first raises a weight of the evidence challenge, which he has failed to preserve for our review. A challenge to the weight of the evidence must be raised with the trial judge or it will be waived. Pennsylvania Rule of Criminal Procedure 607 requires that a "claim that the verdict is against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607. This claim must be presented to the trial court while it exercises jurisdiction over a matter since "appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." *Commonwealth v. Burkett*, 830 A.2d 1034, 1037 (2003) (citation omitted), *appeal denied*, 927 A.2d 648 (Pa. 2007). Instantly, Appellant failed to raise the weight of the evidence claim orally or in writing prior to or after sentencing. In fact, Appellant raised it for the first time in his Rule 1925(b) statement. Accordingly, as the trial court notes, the challenge has been waived.

Appellant next appears to argue that the evidence was insufficient to sustain his convictions for forgery, theft by unlawful taking, attempted theft by unlawful taking, theft by deception and unlawful use of a motor vehicle.

"A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000).

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of *wholly circumstantial evidence*. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014) (emphasis added), *appeal denied*, 95 A.3d 275 (Pa. 2014).

We first address Appellant's contention that the evidence was insufficient to sustain a conviction for forgery.

Section 4101 of the Crimes Code, relating to forgery, provides in part:

**(a) Offense defined.**--A person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:

(1) alters any writing of another without his authority[.]

18 Pa.C.S.A. § 4101(a). "Thus, the Commonwealth must prove that there was a false writing, that the instrument was capable of deceiving, and that the defendant intended to defraud." ***Commonwealth v. Fisher***, 682 A.2d 811, 815 (Pa. Super. 1996) (citation omitted), ***appeal denied***, 687 A.2d 376 (Pa. 1996).

Here, based on our review of the record, we agree with the trial court's conclusion that Appellant's conviction for forgery was supported by sufficient evidence. As the trial court found:

> In this case, there was sufficient evidence presented that [Appellant] altered the temporary title documents or "pink slips" of Ms. Brown's Bonneville which he then sold to Pedro Santos of Collins Towing. [Appellant] also altered the temporary title documents of the vehicle which he sold to Jose Colon of Four Daughters towing. This court was presented with copies of the title documents that [Appellant] used to show proof of ownership of the vehicles he was looking to sell. It is this court's determination that the documents presented were not authentic and not issued by PennDOT. Additionally, both tow truck drivers as well as Philadelphia Police Officer John Castro and Detective Slobodian testified that the title documents they reviewed from [Appellant] were forgeries, especially noting that the font used for the VIN and vehicle information was different than what is normally used for official temporary title documents.

Trial Court Opinion, 8/4/15, at 5. Accordingly, Appellant is not entitled to relief on his sufficiency challenge with respect to the forgery convictions.

We now address Appellant's argument that sufficient evidence did not support his conviction for theft or attempted theft by unlawful taking.

Section 3921(a) of the Crimes Code, "theft by unlawful taking or disposition," describes the elements of the conduct which constitutes theft of movable property: "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to

deprive him thereof." 18 Pa.C.S.A. § 3921(a). "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a).

Instantly, upon reviewing the record, we agree with the trial court that Appellant's convictions for theft by unlawful taking or attempted theft by unlawful taking were supported by sufficient evidence. As the trial court found:

> In the present case, the evidence clearly establishes that [Appellant] unlawfully exercised control over the two vehicles which he then sold to the two towing companies. He did so with the intent to deprive the owners of those vehicles permanent use of their property. Additionally, when [Appellant] was arrested, officers found additional forged title forms for other vehicles that showed that he was in the process of conducting a similar theft in the near future. [Appellant] therefore took a substantial step in committing similar thefts to those that he had already completed.

Trial Court Opinion, 8/4/15, at 7.

Appellant also argues that sufficient evidence did not support his conviction for theft by deception. We disagree.

A person is guilty of the crime of theft by deception "if he intentionally obtains or withholds property of another by deception." 18 Pa.C.S.A. § 3922(a). A person deceives if "he intentionally creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise." 18 Pa.C.S.A. § 3922(a).

Instantly, based on our review of the record, Appellant's convictions for theft by deception were supported by sufficient evidence. As the trial court found:

> [T]he false impression created by [Appellant] was the forged title forms showing that he was the lawful owner of the vehicles that he sold to the towing companies. The deception was fully for pecuniary gain and was wholly intentional by [Appellant]. He altered the title documents to deceive both tow truck operators into believing that he could lawfully sell them the vehicles.

Trial Court Opinion, 8/4/15, at 8.

Appellant's final sufficiency challenge appears to be directed at his convictions for unauthorized use of a motor vehicle.

To convict [Appellant] of unauthorized use of a motor vehicle, the Commonwealth was required to prove that he: (1) operated the car without the owner's consent; and (2) knew or had reason to know that he lacked permission to operate the car. *See Commonwealth v. Carson*, 592 A .2d 1318, 1321 (Pa. Super. 1991).

Appellant's convictions for unauthorized use a motor vehicle were supported by sufficient evidence. As the trial court found, "[Appellant] operated the two vehicles by causing them to be removed from the street by the tow operators. [Appellant] did this by forging the title documents to show that he owned the vehicles, causing them to be removed from the street." Trial Court Opinion, 8/4/15, at 9. Accordingly, Appellant is not entitled to relief.

Appellant lastly argues that the trial court abused its discretion in sentencing him to 1 to 3 years' imprisonment. Appellant, however, cannot challenge the discretionary aspects of his sentence on appeal because he failed to do so in a post-sentence motion before the trial court. It is settled that "[i]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Lamonda***, 52 A.3d 365, 371 (Pa. Super. 2012) (citation omitted), ***appeal denied***, 75 A.3d 1281 (Pa. 2013). Accordingly, no relief is due on this claim.

We have conducted an independent review of the record and addressed Appellant's arguments on appeal. Based on our conclusions above, we agree with counsel that the issues Appellant seeks to litigate in this appeal are wholly frivolous. Also, we do not discern any non-frivolous issues that Appellant could have raised. We, therefore, grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgments of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/13/2016</u>