J-S41003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHNATHAN REDDICK, | |
| Appellant | No. 1284 EDA 2015 |

Appeal from the Judgment of Sentence December 17, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006774-2009

BEFORE:  BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED JUNE 22, 2016**

Appellant, Johnathan Reddick, appeals from the judgment of sentence of an aggregate term of 2 to 4 years' imprisonment, followed by 3 years' probation, imposed after he was convicted of receiving stolen property (RSP), 18 Pa.C.S. § 3925(a), and unauthorized use of a vehicle (UUV), 18 Pa.C.S. § 3928(a).  On appeal, Appellant challenges the sufficiency and weight of the evidence, as well as the discretionary aspects of his sentence. After careful review, we are compelled to affirm.

Appellant was charged with the above-stated offenses after he was stopped by police on March 16, 2009, driving a stolen vehicle.  Appellant proceeded to a non-jury trial on December 10, 2012.  At the conclusion of

---

[*] Former Justice specially assigned to the Superior Court.

that proceeding, the court found Appellant guilty of RSP and UUV. On December 17, 2014,[1] he was sentenced to a term of 2 to 4 years' incarceration, and 3 years' probation, for his RSP conviction. Appellant also received a concurrent term of 2 years' probation for UUV. Appellant filed a timely post-sentence motion, which was denied by operation of law on April 23, 2015. He then filed a timely notice of appeal, and also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed a Rule 1925(a) opinion on September 18, 2015. Herein, Appellant presents three claims for our review, which we have reordered for ease of disposition:

> I. Whether the evidence was insufficient to convict Appellant of [RSP], 18 Pa.C.S. § 3925, and [UUV], 18 Pa.C.S. § 3928?
>
> II. Whether the weight of the evidence is against Appellant's convictions for [RSP], 18 Pa.C.S. § 3925, and [UUV], 18 Pa.C.S. § 3928?
>
> III. Whether the trial court abused its discretion when it sentenced Appellant to 2-4 years['] incarceration followed by 3 years['] reporting probation[?]

Appellant's Brief at 4.

Appellant first challenges the sufficiency of the evidence to sustain his convictions.

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light

---

[1] We note that the lengthy delay between Appellant's conviction and sentencing was due to Appellant's absconding following the court's verdict. **See** N.T. Sentencing Hearing, 12/17/14, at 4-5.

most favorable to the verdict winner, are sufficient to support all elements of the offense. *Commonwealth v. Moreno*, 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. *Commonwealth v. Hartzell*, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. *Moreno, supra* at 136.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011).

Appellant was convicted of RSP and UUV. Those crimes are defined, respectively, as follows:

> **(a) Offense defined.**--A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

18 Pa.C.S. § 3925(a).

> **(a) Offense defined.**--A person is guilty of a misdemeanor of the second degree if he operates the automobile, airplane, motorcycle, motorboat, or other motor-propelled vehicle of another without consent of the owner.

18 Pa.C.S. § 3928(a).

In regard to a conviction for these two offenses, premised on the defendant's possession of a stolen vehicle, this Court has explained:

> In order to convict [a defendant] of [RSP], it [is] necessary for the Commonwealth to prove beyond a reasonable doubt that the vehicle was stolen, that [the defendant] was in possession of it and that he had guilty knowledge; that is, he knew or had reason to know that it was stolen.
>
> In addition, a conviction for [UUV] must be predicated on proof that the defendant operated the vehicle without the owner's consent and that the defendant knew or had reason to know that he lacked the owner's permission to operate the vehicle.

…

[T]he intent requirement, i.e., the requisite knowledge that the car was stolen can be shown entirely through circumstantial evidence. While it is clear that mere possession without more is insufficient to show that the defendant knew or should have known that the property was stolen, other facts can make the inference of guilty knowledge reasonable, even compelling. Such circumstances include but are not limited to the unexplained possession of recently stolen property, flight from the police or other evidence indicating an attempt to avoid capture and the condition of the property indicating a theft.[4]

> [4] This court has noted that relevant considerations which may support an inference of guilty knowledge include an accused's conduct at arrest and conduct while in possession; the time elapsed between the accused's possession and the theft; the type of property; the situs of the theft and the situs of the possession; the value of the property and the price paid for the property; and the quantity of the property.

**Commonwealth v. Carson**, 592 A.2d 1318, 1321 (Pa. Super. 1991) (internal citations, quotation marks, and one footnote omitted).

The totality of the evidence presented at Appellant's non-jury trial was as follows. Philadelphia Police Officer James Dorsey testified that on March 16, 2009, at approximately 6:00 p.m., he stopped a 2009 Chevrolet Tahoe that was being driven by Appellant. N.T. Trial, 12/10/12, at 8-9, 13. Officer Dorsey asked Appellant if he owned the vehicle, and Appellant replied that he did. **Id.** at 12. However, Appellant then changed his statement and claimed that the vehicle "belonged to a relative." **Id.**

After Officer Dorsey's testimony, Appellant and the Commonwealth stipulated that if called to the stand, Thomas Ercolani would testify that he owned a car dealership located in Media, Pennsylvania, and that his

dealership owned the 2009 Tahoe that Appellant was driving when he was stopped by Officer Dorsey. *Id.* at 15. Ercolani would have further stated that he last saw that vehicle on March 14, 2009, at approximately 5 p.m., and that neither Appellant, nor anyone else, had permission to be driving the vehicle on March 16, 2009. *Id.* at 15. Ercolani would have also testified that he employed, at the dealership, a man by the name of Dennis Arnold.[2] *Id.*

Appellant then took the stand in his own defense, testifying that he had borrowed the Tahoe from his brother, Darren Arnold, who was a "sales rep" at Ercolani's car dealership.[3] *Id.* at 17, 20. Appellant explained that he had asked Arnold if he could "test drive one of the vehicles" from the dealership, and Arnold agreed to let him borrow the 2009 Tahoe "for the weekend." *Id.* at 17, 18. Appellant claimed that Arnold brought the Tahoe to Appellant's house, and that Appellant had no idea that the vehicle was stolen from the dealership until he was stopped by Officer Ercolani. *Id.* at 17, 18. Appellant denied telling Officer Dorsey that the vehicle belonged to him; instead, he testified that he told the officer that he "got the car from … the dealer, from the sale rep." *Id.* at 19. On cross-examination, the

---

[2] The record indicates that this employee's name was actually Darren Arnold, rather than Dennis Arnold. *See id.* at 17.

[3] Arnold did not testify at trial. *See id.* at 20 (Appellant's confirming that Arnold was not present to testify).

Commonwealth asked Appellant: "You didn't have any ownership papers or anything for the car, right?" Appellant replied, "No." *Id.* at 19. Later, the court questioned Appellant, and he responded, as follows:

> THE COURT: And you didn't have any owner's card or insurance information, you had nothing in the car?
>
> [Appellant]: I mean other than the information that was given through -- once he dropped the car off. I mean, as far as like, hey, you have the -- it's a little chart that you basically fill out that says, hey, you have the car for the day.
>
> THE COURT: For the day?
>
> [Appellant]: Not for the -- well, for the duration is what I mean, not for the day, just for the weekend is what I have the car for.

*Id.* at 21. After this exchange, Appellant's testimony concluded, and the parties stipulated that Appellant had been convicted of a misdemeanor theft offense in 2008.

Viewing this evidence in the light most favorable to the Commonwealth, as we must, we are compelled to deem the circumstantial evidence sufficient to prove that Appellant knew, or should have known, that the vehicle he was driving was stolen. Most notably, when stopped by Officer Dorsey while driving the Tahoe, Appellant provided false statements to the officer regarding who owned the vehicle. These false statements made it reasonable for the court to infer that Appellant had a guilty conscious, and/or was attempting to mislead the officer, because he knew he was driving a car that had been illegally taken from the car dealership. *See Commonwealth v. Donnelly*, 653 A.2d 35, 37 (Pa. Super. 1995)

- 6 -

("Fabrication of false and contradictory statements by the accused is evidence from which a jury may infer that they were made with the intent to mislead police and are indicative of guilt.") (citation omitted). In addition, Appellant admitted that the Tahoe he was driving did not contain any ownership papers, insurance information, or any other documentation. Appellant should have suspected, from this lack of documentation, that the car had not been legally removed from its owner, the dealership. Thus, it supports Appellant's guilty knowledge. Finally, Appellant's prior *crimen falsi* offense called into question his overall credibility, and reasonably cast doubt on the veracity of his testimony that he believed he validly possessed the stolen vehicle. Considering the totality of these facts, and all reasonable inferences that can be drawn from them, we are compelled to conclude that the evidence was sufficient to convict Appellant of RSP. Likewise, for these same reasons, the evidence was sufficient to prove that Appellant knew, or should have known, that he was operating the vehicle without the consent of the owner, *i.e.*, Ercolani's dealership. Accordingly, his conviction for UUV is also supported by sufficient evidence.

Next, we address Appellant's challenge to the weight of the evidence. Essentially, Appellant reiterates his argument that the evidence was "so tenuous" regarding his knowledge that the vehicle was stolen that it amounted to "virtually no proof whatsoever." Appellant's Brief at 12. In reviewing Appellant's argument, we keep in mind that:

A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the jury is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

**Commonwealth v. Houser**, 18 A.3d 1128, 1135-1136 (Pa. 2011) (citations and internal quotation marks omitted).

Here, in rejecting Appellant's weight-of-the-evidence claim, the trial court reasoned:

In this case, the [c]ourt found the evidence and testimony presented by the prosecution credible and did not find [] Appellant's testimony credible. When confronted by the police with the question of the Tahoe's ownership, it was telling that [] Appellant changed his original statement of ownership and didn't possess any documents from the dealership showing that he had permission to drive the Tahoe. From these facts this [c]ourt determined that Appellant failed to obtain permission from the owner to drive the vehicle and knew he did not have permission, notwithstanding Appellant's trial testimony, at odds with Officer Dorsey's, as he claims he never said the vehicle was his. Therefore, this [c]ourt properly exercised its rights as finder of fact to weigh the credibility of the witnesses and, in this case, determined that [] Appellant lacked credibility, warranting his conviction.

Trial Court Opinion (TCO), 9/16/15, at 4-5.

Appellant's argument, which is essentially a reiteration of his challenge to the sufficiency of the evidence, does not convince us that the trial court

abused its discretion by denying his weight-of-the-evidence claim. The court believed Officer Dorsey and did not believe Appellant; this Court may not re-assess the credibility of a witness' testimony. ***See Commonwealth v. Hankerson***, 118 A.2d 415, 420 (Pa. Super. 2015). Based on our discussion of Appellant's sufficiency claim, *supra*, the court's verdict does not shock one's sense of justice, so as to warrant this Court's reversing that verdict. ***See id.*** ("An appellate court may not reverse a verdict unless it is so contrary to the evidence so as to shock one's sense of justice.").

In his final issue, Appellant challenges the discretionary aspects of his sentence.

> A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. That is, [that] the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. We examine an appellant's [Pa.R.A.P.] 2119(f) statement to determine whether a substantial question exists. Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits.

***Commonwealth v. Ahmad***, 961 A.2d 884, 886-87 (Pa. Super. 2008) (citations, quotation marks and footnote omitted; emphasis in original).

Here, Appellant has included a Rule 2119(f) statement in his brief which states, in its entirety: "Appellant presented multiple mitigating factors including his rehabilitative potential, yet his sentence was beyond the aggravated range, which was an abuse of discretion by the court." Appellant's Brief at 6. Appellant's single sentence does not identify how the court's sentence violated a specific provision of the Sentencing Code, or a particular, fundamental norm underlying the sentencing process. Accordingly, Appellant has not convinced us that a substantial question exists for our review.

In any event, we would deem Appellant's sentencing challenge meritless. As this Court has stated:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Shugars**, 895 A.2d 1270, 1275 (Pa. Super. 2006) (citation omitted).

Appellant essentially contends that the court "weighed excessively [Appellant's] risk to reoffend[,]" and did not consider mitigating factors, such as Appellant's "remorse and determination to change his ways." Appellant's Brief at 19, 20. After reviewing the record, we disagree. Certainly, the court considered Appellant's extensive criminal history, which

was outlined in his presentence report.  **See** N.T. Sentencing Hearing at 3-4.  The court also took into account the presentence investigator's conclusion that Appellant poses "a significant risk for incurring future offenses…."  **Id.** at 4.  While Appellant claims that the court *only* considered these facts, and did not take into account his remorse and desire to change, the record does not support this argument.  The court listened to Appellant's statements at the sentencing hearing, **id.** at 8-10, but concluded that his conduct belied his expressions of remorse and desire to change.  Specifically, the court stressed that Appellant absconded for a lengthy period of time following the verdict, and he was disrespectful during the presentence investigation by refusing to answer questions and by providing misleading/incorrect information to the investigator.  **See id.** at 3-4; TCO at 10-11.  The court also found that Appellant made "misleading" statements during the sentencing hearing by blaming his conduct during the presentence investigation on a concussion he suffered years earlier.  **See** TCO at 11 (citing N.T. Sentencing Hearing at 15).  Therefore, it is apparent that the court considered Appellant's claims of remorse and desire to change, but found those assertions unconvincing in light of his conduct and lengthy criminal history.  Accordingly, Appellant's argument herein would not convince us that the court abused its discretion in fashioning his sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/22/2016