493 A.2d 778

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**William DRIVER, Appellee.**

Superior Court of Pennsylvania.

Argued March 20, 1985.

Filed May 31, 1985.

---

14

Barry Rudofsky, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Donald Bronstein, Assistant Public Defender, Philadelphia, for appellee.

Before WIEAND, WATKINS and GEISZ,* JJ.

WIEAND, Judge:

William Driver was tried nonjury and was found guilty of robbery, conspiracy, theft, simple assault, and unauthorized use of a vehicle. Subsequently the trial court found the evidence insufficient to sustain the verdict, granted a motion in arrest of judgment, and discharged the defendant. The Commonwealth appealed. We reverse.

The effect of a motion in arrest of judgment is to admit all the facts which the prosecution's evidence tends to prove. *Commonwealth v. Combs*, 298 Pa.Super. 527, 529, 445 A.2d 113, 114 (1982). In determining the sufficiency of the evidence to sustain a finding of guilt, the evidence and all reasonable inferences arising therefrom must be viewed in the light most favorable to the Commonwealth, which has won the verdict. *Commonwealth v. Davis*, 477 Pa. 197, 199, 383 A.2d 891, 892 (1978). The latitude of the trial judge in passing upon a nonjury verdict is no greater than the authority of a trial judge to set aside a jury verdict. *Commonwealth v. Meadows*, 471 Pa. 201, 205 n. 5, 369 A.2d 1266, 1268 n. 5 (1977).

The evidence in the instant case shows that appellee and Albert Coleman hailed a taxi at the University of Pennsylvania Hospital on January 12, 1983 at approximately 4:30 p.m. The taxi driver was Shaun Callen. He took his passengers to the thirty-nine hundred block on Folsom Street. There he was requested to wait for someone to come out of a house. Coleman, who was seated behind the driver, then put his left arm around Callen, held a knife to him and demanded money. Appellee was seated in the right rear when this took place. Callen gave Coleman approximately seventy dollars from a bag which he used to carry money and papers. Coleman then tied Callen's hands together and ordered him into the back seat; whereupon Coleman drove the taxi to 26th Street and Hartranft Ter-

* The Honorable John A. Geisz, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

race in Philadelphia, while appellee remained in the back seat with Callen. Appellee, the evidence shows, continued to watch Callen carefully as Coleman drove. While doing so, he kept one hand concealed inside his coat pocket. When they reached their destination, Callen was released unharmed but still tied. After Coleman and appellee left in the taxi, Callen was untied and called the police. The robbery, together with a description of the taxi, was broadcast via police radio.

At or about 5:45 p.m., the stolen taxi was spotted in the vicinity of the Philadelphia Airport by Officer George Owens. He followed the taxi and stopped it. Coleman was still driving, and appellee was still seated in the back seat. One knife was found in Coleman's possession; another was found on the back seat of the taxi where appellee had been sitting. Each man had in his possession the sum of $35, one-half of the amount taken from Callen.

Although mere presence at the scene of a crime is insufficient to sustain a conviction, it is not necessary to sustain a conviction that a person physically be the perpetrator of the offense. Section 306(b)(3) of the Pennsylvania Crimes Code, 18 Pa.C.S. § 306(b)(3), provides for criminal responsibility on the part of one who is an accomplice of another person in the commission of a crime. An accomplice includes one who, with the intent of promoting or facilitating the commission of an offense, "aids or agrees or attempts to aid such other person in planning or committing it." 18 Pa.C.S. § 306(c)(1)(ii). See also: *Commonwealth v. Everett*, 297 Pa.Super. 320, 327–328, 443 A.2d 1142, 1145 (1982); *Commonwealth v. Wilson*, 294 Pa.Super. 101, 439 A.2d 770 (1982); *Commonwealth v. Jackson*, 271 Pa.Super. 131, 134–135, 412 A.2d 610, 612 (1979).

The trial court, in arresting judgment, concluded that the Commonwealth's evidence proved only that appellee was an "innocent bystander." We disagree. The circumstances surrounding the commission of the crime and the circumstances existing at the time of arrest were sufficient

to permit an inference that appellee and Coleman were engaged in an unlawful confederation whose purpose was to take from Callen at knifepoint his money and the taxi which he was driving. The evidence, therefore, was sufficient to sustain the fact finder's finding that appellee was criminally responsible for the robbery and related offenses. The order arresting judgment will be reversed.

Reversed and remanded for further proceedings. Jurisdiction is not retained.