592 A.2d 1318

COMMONWEALTH of Pennsylvania, Appellant,

v.

**Christopher CARSON.**

Superior Court of Pennsylvania.

Argued March 7, 1991.

Filed June 17, 1991.

Petition for Allowance of Appeal Denied
Nov. 13, 1991.

494

Eric Schoenberg, Asst. Dist. Atty., Philadelphia, for the Com., appellant.

Samuel C. Stretton, West Chester, for appellee.

Before BECK, POPOVICH and HOFFMAN, JJ.

BECK, Judge:

The case raises the issue of the sufficiency of the evidence where a defendant has been found guilty of unauthorized use of a motor vehicle and receiving stolen property. Christopher Carson was tried and convicted in a nonjury trial of receiving stolen property [1] and unauthorized use of a motor vehicle.[2] Subsequently the trial court found that the evidence was insufficient to support the verdict and granted a motion to arrest judgment, discharging the defendant. The Commonwealth appeals. We reverse.

 The applicable standard of review for claims which challenge the sufficiency of the evidence is well-settled.

1. 18 Pa.C.S.A. § 3925 (Purdon 1983).
2. 18 Pa.C.S.A. § 3928 (Purdon 1983).

Since the Commonwealth is the verdict winner, the reviewing court must view all the evidence at trial, as well as all reasonable inferences to be drawn therefrom, in the light most favorable to the Commonwealth. We must determine whether the trier of fact could have found that each element of the offense was proven beyond a reasonable doubt. Both direct and circumstantial evidence must be considered equally when assessing the sufficiency of the evidence. *Commonwealth v. French,* 396 Pa.Super. 436, 578 A.2d 1292 (1990). Furthermore the same standard is applicable whether the appeal is from a judgment of sentence or an arrested judgment. Finally, "[t]he latitude of the trial judge in passing upon a nonjury verdict is no greater than the authority of a trial judge to set aside a jury verdict." *Commonwealth v. Driver,* 343 Pa.Super. 13, 493 A.2d 778, 779 (1985).

Viewed favorably to the Commonwealth, the evidence upon which Carson was convicted was as follows. At approximately 10:30 p.m., Willie James parked his car directly across the street from his home in Philadelphia. At about 1:30 a.m., James was awakened to the sound of screeching tires. He looked out his window, saw that his car was gone and immediately called the police. About five minutes later the police arrived and James reported his car stolen.

As a result of James' report, Officer John McCafferty and his partner immediately began patrolling the area near James' home. In a short time, the officers spotted the car parked on the sidewalk a few streets away from where it had been stolen. The officers, who were in an unmarked car, radioed for uniformed officers in a marked patrol car. When Officer McCafferty saw the patrol car approaching the stolen vehicle, he and his partner also started to drive towards it. McCafferty saw three men leave the stolen car, look in his direction and run. One of them was Carson. Officer McCafferty chased Carson and caught up with him a short distance later. The officer never lost sight of the fleeing appellant.

Carson had gotten out of the car from the front passenger seat. The car had a broken steering column and a smashed right vent window. Just prior to the time that Carson and his companions exited the car and fled, the car had been parked on the sidewalk with the motor off and the doors closed. Carson's arrest took place approximately twenty minutes after James had first been awakened by the sound of screeching tires.

After the Commonwealth presented its evidence, the court denied Carson's demurrer. Carson then testified. He denied any connection with the stolen vehicle. In fact, he claimed that he was not in the car that night. Instead, his testimony was that he was walking in a normal fashion up the steps to his home in the vicinity where the stolen vehicle was parked. He claimed that the police inexplicably stopped him, felt his chest and, simply because his heart was beating quickly, arrested him. Although Carson claimed that at least three other people, including his girlfriend and her brother, witnessed this event, no one else testified on his behalf at trial.

Carson was convicted of receiving stolen property and unauthorized use of a motor vehicle. He then filed postverdict motions challenging the sufficiency of the evidence. After argument and reconsideration, the trial court entered an order arresting judgment. The trial court concluded that the Commonwealth failed to establish beyond a reasonable doubt that Carson had the requisite criminal intent or that he possessed or "operated" the vehicle. According to the trial court, the evidence showed only that he was present in the vehicle. Under the facts of the case, the trial court's decision cannot be upheld.

■ In order to convict Carson of receiving stolen property, it was necessary for the Commonwealth to prove beyond a reasonable doubt that the vehicle was stolen, that Carson was in possession of it and that he had "guilty knowledge;" that is, he knew or had reason to know that it was stolen. *See In Interest of Scott,* 388 Pa.Super. 550, 566 A.2d 266, 267 (1989); *Commonwealth v. Grabowski,* 378 Pa.Super.

454, 549 A.2d 145, 148 (1988), *appeal denied* 522 Pa. 583, 559 A.2d 526 (1989).

■ In addition, a conviction for unauthorized use of a vehicle must be predicated on proof that the defendant operated the vehicle without the owner's consent and that the defendant knew or had reason to know that he lacked the owner's permission to operate the vehicle. *See In Interest of Scott, supra; Commonwealth v. Dunlap,* 351 Pa.Super. 43, 505 A.2d 255 (1986).

■ In the instant case, the Commonwealth proved by direct evidence that the vehicle was stolen and that James had not given Carson permission to operate the vehicle. This is undisputed. The trial court, however, in granting arrest of judgment determined that under the receiving stolen property charge the Commonwealth failed to prove Carson's guilty knowledge and his possession of the car. In addition, the trial court concluded that under the unauthorized use of a motor vehicle charge the Commonwealth failed to prove Carson's guilty knowledge that he was operating the car without the owner's consent and that he was "operating" the car. We disagree.

As noted above, the intent requirement, i.e., the requisite knowledge that the car was stolen can be shown entirely through circumstantial evidence. While it is clear that mere possession without more is insufficient to show that the defendant knew or should have known that the property was stolen, other facts can make the inference of guilty knowledge reasonable, even compelling.[3] Such circumstances include but are not limited to the unexplained possession of recently stolen property, flight from the police or other evidence indicating an attempt to avoid capture and the condition of the property indicating a theft.[4]

---

**3.** *See Commonwealth v. Williams,* 468 Pa. 357, 365, 362 A.2d 244, 248 n. 7 (1976); *Commonwealth v. Dunlap, supra.*

**4.** This court has noted that relevant considerations which may support an inference of guilty knowledge include "an accused's conduct at arrest and conduct while in possession; the time elapsed between the accused's possession and the theft; the type of property; the situs of

498

■ Not one but all of the above additional circumstances were present in the instant case. Carson was in a vehicle which the factfinder could reasonably infer had been stolen only minutes earlier.[5] In addition, as soon as the patrol car and the unmarked police car approached the stolen vehicle, Carson and his companions exited the vehicle, looked at the officers and fled. This evidence of flight corroborates the inference of guilty knowledge. *See In Interest of Scott, supra; Commonwealth v. Phillips,* 258 Pa.Super. 109, 392 A.2d 708 (1978); *Commonwealth v. Murray, supra. Compare Commonwealth v. Scudder,* 490 Pa. 415, 416 A.2d 1003, 1005–1006 (1980) (no evidence that defendant, who was a passenger in a stolen van, attempted to or concurred in the judgment to evade the police; only operator of van attempted to flee, therefore guilty knowledge of passenger could not be inferred).

Moreover, the stolen car had a broken vent window on the passenger side of the car and a broken steering column. From these physical features the fact finder could infer that Carson knew or should have known that the vehicle was stolen. *See In Interest of Scott, supra* (broken steering

the theft and the situs of the possession; the value of the property and the price paid for the property; and the quantity of the property." *Commonwealth v. Grabowski, supra,* 549 A.2d at 148.

5. Viewing the evidence in the light most favorable to the Commonwealth, as we must, we think it is reasonable to infer that James' automobile was stolen at about 1:30, when he heard the sound of screeching tires. The inference is supported by the reasonable assumption that anyone driving a stolen vehicle would attempt to drive away quickly. In addition, the inference that the theft had occurred very recently is supported by the fact that the car was located only a few streets away from James' home. In any event, even if the theft had not occurred at 1:30, it certainly occurred no earlier than 10:30 when James parked his car. The three hour time lapse would still make Carson's possession "recent" for purposes of inferring guilty knowledge. *See Commonwealth v. Murray,* 246 Pa.Super. 422, 428, 371 A.2d 910, 912 (1977) (vehicle had been stolen at most four hours prior to defendant's arrest; clearly constituted "recent" possession and obviously an insufficient time for vehicle to have assimilated into ordinary market channels for automobiles); *see also Commonwealth v. Williams, supra note* 3 (possession of a vehicle twelve days after it was stolen was "recent"); *Commonwealth v. Brabham,* 268 Pa.Super. 35, 407 A.2d 424 (1979) (where defendant was arrested twelve hours after vehicle was stolen, possession was recent).

column); *Commonwealth v. Phillips, supra* (motorbike's serial number marred and bike obviously repainted); *Commonwealth v. Murray, supra* (ignition wires of car "pulled down"). *Compare Commonwealth v. Dunlap, supra,* 505 A.2d at 257 (evidence of guilty knowledge was insufficient where car had "no damage to the dashboard or steering column which would indicate that it had been started or operated unlawfully").

■ In our view, these circumstances taken together clearly support the inference that Carson had guilty knowledge that the car was stolen and satisfies the *mens rea* under the receiving stolen property charge. The *mens rea* burden under the unauthorized use of a motor vehicle charge is not as strict as the one for receiving stolen property. It, therefore, follows that the Commonwealth necessarily met its burden for the lesser *mens rea* required for unauthorized use of a vehicle. For the intent element of the latter offense the Commonwealth must show that the defendant was reckless with respect to the owner's lack of consent in that he had consciously disregarded a substantial and unjustifiable risk that the owner has not consented. *Commonwealth v. Hogan,* 321 Pa.Super. 309, 468 A.2d 493, 495–496 (1983). As this court previously has noted:

> If the unexplained possession of recently stolen property will support an inference of *guilty knowledge* of its theft, will it not support with even greater strength an inference of *recklessness* with respect to the owner's lack of consent to operate a recently stolen automobile? The answer is obvious, and so this Court has held.

*Commonwealth v. Hogan, supra,* 468 A.2d at 497 (emphasis in original).

The only remaining question, therefore, with respect to the sufficiency of the evidence for both charges is whether the Commonwealth established that Carson had the requisite dominion and control over the car to show that he possessed it and "operated" it jointly with his companions. Again the answer to this question depends on the totality of the circumstances. This court has held that the doctrine of

joint possession applies when the "... totality of the circumstances justifies a finding that all of the occupants of the vehicle were acting in concert...." *Commonwealth v. Murray, supra,* 371 A.2d at 913, *quoting Commonwealth v. Schaffer,* 447 Pa. 91, 105, 288 A.2d 727, 735, *cert. denied,* 409 U.S. 867, 93 S.Ct. 164, 34 L.Ed.2d 116 (1972).

Carson claimed and the trial court agreed that since the Commonwealth concededly did not show that he was in the driver's seat of the stolen car, his status as a passenger could not support conviction. Underlying the trial court's decision to arrest judgment is the erroneous assumption that only the driver can possess or operate a stolen car. This clearly is not the law. We agree with the Commonwealth that this court's decisions in *Commonwealth v. Murray, supra,* and *In Interest of Scott, supra,* control the result here. In *Murray* the principle was established that the Commonwealth need not prove that the defendant was actually driving the vehicle in order to show possession. In *Murray* the fact that the Commonwealth proved that defendant was either driving or riding in a vehicle he knew was stolen and then attempted escape along with his companion was sufficient to apply the doctrine of joint possession and to convict defendant of receiving stolen goods.

The facts in *In Interest of Scott* are virtually identical to the facts here and establish that an offender need not actually be driving a vehicle to be convicted of unauthorized use. There, the defendant, a juvenile, was adjudicated delinquent for receiving stolen property *and* unauthorized use of a vehicle. The defendant was the passenger in a car which had been stolen twelve hours earlier. The stolen car was involved in a number of traffic violations which were observed by the police and the police gave chase. The driver and the defendant fled from the car in different directions and defendant was apprehended. The car was later discovered to have a broken steering column. This court found the totality of the circumstances sufficient to infer dominion and guilty knowledge on the part of the passenger beyond a reasonable doubt. We find nothing at

all to distinguish the instant case from *Scott.* In fact, if anything, this case presents a more compelling inference of guilt than was present in *Scott.* Carson and his companions were in a stolen car only a few blocks from the site of the theft, a short time after the theft occurred.[6] The car had obvious signs of having been taken and driven illegally. When approached by the police, all three occupants fled.

The trial court's arrest of judgment is reversed and the case is remanded for further proceedings. Jurisdiction is relinquished.

HOFFMAN, J., files a dissenting statement.

HOFFMAN, Judge, dissenting:

I respectfully dissent. The majority opinion relies on *Commonwealth v. Murray,* 246 Pa.Super. 422, 371 A.2d 910 (1977), and *In the Interest of Scott,* 388 Pa.Super. 550, 566 A.2d 266 (1989), for the proposition that the Commonwealth may prove possession despite the fact that appellant was not actually the driver of the vehicle. The majority apparently holds that his presence plus flight is enough to allow us to infer possession. *See* Majority Opinion, *supra.* However, in my view, these cases clearly are distinguishable. In both cases our Court permitted an inference of *joint possession* where the accused was not actually driving the stolen vehicle. *See In the Interest of Scott, supra,* 388 Pa.Superior Ct. at 554–55, 566 A.2d at 268–69; *Commonwealth v. Murray, supra* 246 Pa.Super. at 429, 371 A.2d at 913. In *Murray,* for example, we stated that

[u]nder the circumstances, the trier of fact found that appellant was either driving or riding in a vehicle that he knew was stolen. This, coupled with the attempted escape along with his companion, was sufficient basis for the fact finder to apply the doctrine of joint possession, which is appropriate when the "... totality of the circum-

6. As this court stated in a similar context, "the geographic and temporal proximities are too close to admit of any doubt, much less a reasonable one." *Commonwealth v. Marshall,* 254 Pa.Super. 275, 278, 385 A.2d 1017, 1018 (1978).

stances justify a finding that all of the occupants of the vehicle were acting in concert...." [citation omitted] *Commonwealth v. Murray, supra.* Similarly, the *Scott* court relied on *Murray* to establish that the Commonwealth need not prove actual possession to prove control of the vehicle. *See In the Interest of Scott, supra* 388 Pa.Super. at 555–56, 566 A.2d at 269. The key to both *Murray* and *Scott* was that the charges against the defendant included criminal conspiracy, and it was the inference deriving from the defendant's acting in concert that supported the convictions.

Here, appellant was not charged with criminal conspiracy. A joint possession analysis is inappropriate where no evidence shows that the occupants of the vehicle were acting in concert. *See Commonwealth v. Murray, supra.* Without the inference that was permitted in the earlier cases, the fact that appellant was a passenger in the vehicle and that he attempted to flee provide an insufficient basis to prove possession or control of the vehicle. Therefore, I would affirm the trial court's arrest of judgment.

Accordingly, I must dissent.