J-A01032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: I.M., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: I.M., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 3574 EDA 2016 |

Appeal from the Dispositional Order September 7, 2016
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No(s):  CP-51-JV-0000364-2016

BEFORE:   LAZARUS, J., OTT, J., and PLATT[*], J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 09, 2018**

I.M. appeals from the dispositional order entered September 7, 2016, in the Philadelphia County Court of Common Pleas, Juvenile Division.  The juvenile court adjudicated I.M. delinquent on charges of receiving stolen property ("RSP") and unauthorized use of a vehicle, committed on February 22, 2016, when he was a minor,[1] and entered a dispositional order placing him in a residential facility.  On appeal, I.M. argues the juvenile court abused its discretion in permitting an unqualified witness to testify, and challenges the sufficiency of the evidence supporting his adjudications.  For the reasons

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] I.M. was born in October of 2000.  He was 15 years old at the time of the offense.

below, we vacate the dispositional order and reverse the adjudication of delinquency.

On February 23, 2016, a juvenile petition was filed against I.M. charging him with RSP and unauthorized use of a vehicle. The following facts were established at I.M.'s August 15, 2016, adjudicatory hearing: On February 22, 2016, at 8:30 p.m., Philadelphia Police Officer Jonathan Dedos was on patrol when he observed I.M. driving a black Toyota Camry at a high rate of speed. *See* N.T., 8/15/2016, at 17-18. Officer Dedos noticed the vehicle had "heavy front end damage to the driver's side with inoperable head lamps[.]" *Id.* at 18. He stated that when he ran the tag number, "NCIC revealed that the vehicle was stolen." *Id.* at 19. Officer Dedos proceeded to turn his vehicle around so that he could initiate a traffic stop. Although, he "lost sight of the vehicle momentarily," the officer again observed the vehicle make a left-hand turn about two blocks away. *Id.* Officer Dedos then activated his lights and stopped the vehicle. When he did so, I.M. and two passengers attempted to flee, but Officer Dedos was able to stop I.M. about 40 feet from the vehicle. Although one passenger got away, the other passenger got stuck in a seat belt in the back seat, and was briefly detained.[2] *See id.* at 22-23. Officer Dedos acknowledged the keys were in the ignition of the vehicle. *See id.* at 28. However, I.M., who was 15 years old at that time, was not able to produce a driver's license, vehicle registration, or insurance card. *See id.* at 21-22.

_____

[2] Neither passenger is identified in the record.

- 2 -

At the adjudicatory hearing, the Commonwealth also presented the testimony of Kathryn DeMark, a risk supervisor for Enterprise Rent-A-Car. *See id.* at 7. DeMark testified a Toyota Camry with the same license plate number as the one Officer Dedos stopped was rented from Enterprise on January 21, 2016, to someone in Philadelphia. *See id.* at 9, 12. Denmark explained the branch manager of the location, where the car was rented from, told her that on February 13, 2016, "the renter called in stating the vehicle was stolen[.]"[3] *Id.* at 8, 12. The Commonwealth did not identify, or present any testimony from, the person who rented the vehicle. At the conclusion of the hearing, the juvenile court determined I.M. committed the delinquent acts of RSP and unauthorized use of a vehicle.

A dispositional hearing was held on September 7, 2016, at which time the juvenile court adjudicated I.M. delinquent on the aforementioned charges and placed him in a residential facility at Glen Mills School for Boys.[4] I.M. filed a timely post-dispositional motion challenging both the weight and sufficiency of the evidence supporting his adjudications. When more than 30 days had passed, and the juvenile court had not ruled upon the motion, I.M. filed a

---

[3] I.M. objected to this testimony as hearsay, but the juvenile court overruled the objection, stating, "It just shows the [e]ffect on the listener." N.T., 8/15/2016, at 8.

[4] The docket reveals I.M. completed the terms of his dispositional order and was released from court supervision on September 25, 2017.

*praecipe* seeking an order denying the motion by operation of law. ***See*** Pa.R.J.C.P. 620(D)(2). This timely appeal followed.[5]

On December 6, 2016, the juvenile court ordered I.M. to file a concise statement of errors complained of on appeal. I.M. complied with the court's directive and filed a concise statement on December 21, 2016. In response, on January 11, 2017, the juvenile court filed a brief opinion stating the following:

> Based upon in depth legal research and review of the case law, balanced with the specific fact pattern in the matter *sub judice*, this court, respectfully, requests that the case be remanded and jurisdiction be relinquished back to the trial court to reverse the ruling and enter an appropriate verdict consistent with this court's discovered findings.

Trial Court Opinion, 1/11/2017. Because the court did not specify the underlying basis for its request, this panel remanded the case to the juvenile court, directing it to file a comprehensive opinion "explaining the basis of its discovered findings which it claims compels a different verdict." Order, 12/22/2017. The juvenile court complied with our directive and filed a supplemental opinion on December 27, 2017.

---

[5] We note that despite I.M.'s timely praecipe, it does not appear the juvenile court entered an order denying his post-sentence motion by operation of law. Nonetheless, because I.M. followed appropriate procedure, we decline to quash this appeal. Rather, we direct the juvenile court to enter an order denying the post-dispositional order by operation of law on the docket. ***See*** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

I.M. raises two issues on appeal: (1) a challenge to the admission of DeMark's testimony when she was not properly qualified as a custodian of records, and (2) a challenge to the sufficiency of the evidence supporting his adjudications. Because we find the second issue dispositive, we need not address I.M.'s first issue.

As with any sufficiency claim, our review of an adjudication of delinquency is well-settled:

> When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth.
>
> In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.
>
> The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a defendant's innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth.

*In re V.C.*, 66 A.3d 341, 348-349 (Pa. Super. 2013) (quotation omitted), *appeal denied*, 80 A.3d 778 (Pa. 2013).

Here, I.M. was adjudicated delinquent on charges of RSP and unauthorized use of a vehicle. The crime of RSP is defined in Section 3925 of the Crimes Code as follows:

> A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

18 Pa.C.S. § 3925. Further, a juvenile may be adjudicated delinquent on the charge of unauthorized use of a vehicle if he "operates the automobile … of another without consent of the owner." 18 Pa.C.S. § 3928.

Although the juvenile court initially determined I.M. committed the crimes, upon further reflection, the court concluded the Commonwealth's evidence was insufficient to prove (1) I.M. knew or had reason to know the car was stolen, or (2) I.M. did not have the owner's consent to drive the vehicle. *See* Trial Court Opinion, 12/27/2017, at 2. Specifically, the court opined:

> Here, the Commonwealth failed to show that [I.M.] knew or had reason to know the car he was driving was stolen. No geographic distance was testified to from any witness. No witness testified that [I.M.] did not have permission to drive the car. Although the car was reported stolen to Enterprise on February 13, 2016, there was no testimony about when the car was stolen or the circumstances in which the car was taken. Although there was front end damage to the car, there was no evidence of damage to the windows, locks, or steering column and the car was being driven with keys.
>
> . . . .

> [With respect to the unauthorized use of a vehicle charge, the] Commonwealth further failed to present any testimony relating to the owner's lack of consent to the accused's operation of the vehicle. The Commonwealth had a representative from Enterprise testify that the car is an Enterprise rental car and that the car was rented on January 21, 2016 and reported stolen to Enterprise on February 13, 2016. Enterprise did not provide a rental agreement or any information about the rent[al]. Moreover, no testimony was presented about the circumstances of the car being stolen and the Enterprise representative did not testify that [I.M.] did not have permission to use the car.

*Id.*

The Commonwealth contends, however, the circumstantial evidence presented at trial was sufficient for the fact finder to conclude I.M. committed the charged crimes. It asserts the juvenile court "could reasonably infer from [I.M.'s] flight from the officers, and inability to produce any paperwork for the vehicle, that he lacked permission" to operate the vehicle. Commonwealth's Brief at 9. The Commonwealth emphasizes I.M. was driving a "heavily damaged car at high speed" when the officer stopped him, and that he responded by abandoning the car and fleeing from police. *Id.* at 10-11. Further, when he was apprehended, I.M. was unable to provide any paperwork and "did not attempt to explain his possession of the stolen vehicle." *Id.* at 10. Moreover, the Commonwealth insists it was not required to "present the renter to prove [I.M.] 'did not have [the renter's] permission to drive the car[;]'" rather, it could prove "*any* element of the crime with circumstantial evidence." *Id.* at 12 (emphasis in original).

It is well-settled that:

> A permissible inference of guilty knowledge may be drawn from the unexplained possession of recently stolen goods …. However, the mere possession of stolen property is insufficient to permit an inference of guilty knowledge; there must be additional evidence, circumstantial or direct, which would indicate that the defendant knew or had reason to know that the property was stolen.

***Commonwealth v. Matthews***, 632 A.2d 570, 572 (Pa. Super. 1993). Other factors which this Court has found relevant in determining whether a defendant possessed the requisite *mens rea* include the defendant's flight from the police when stopped and the condition of the stolen property, such as, in the case of a stolen automobile, whether the vehicle has a broken steering column or is being operated without a key. ***See Commonwealth v. Carson***, 592 A.2d 1318, 1321 (Pa. Super. 1991), *appeal denied*, 600 A.2d 533 (Pa. 1991).

Our review of the transcript from the adjudicatory hearing reveals the Commonwealth failed to provide sufficient evidence to establish beyond a reasonable doubt that I.M. was operating a vehicle he knew or should have known was stolen, and without the owner's permission. First, we find the Commonwealth failed to establish the vehicle was in fact stolen. Although Enterprise was the owner of the vehicle, the car had been rented to an unidentified person. The Commonwealth attempted to establish the car was stolen through DeMark's testimony that the renter called the manager of the Enterprise location where the car was rented, and stated "the vehicle was stolen[.]" N.T., 8/15/2016, at 8. However, that hearsay testimony was not admitted for its truth, but only to show "the [e]ffect on the listener," that is, the steps Enterprise took after receiving the call. ***Id.*** at 8. Without any

- 8 -

testimony from the renter establishing the car was actually stolen, the Commonwealth failed to establish a requisite element of the claim. Indeed, a conviction of RSP requires proof that the property at issue was actually stolen. *See Commonwealth v. Williams*, 362 A.2d 244, 246 (Pa. 1976) (evidence established owner of the vehicle parked his truck in a garage on evening of August 30, and it was missing the next day); *Matthews*, *supra*, 632 A.2d at 571 (record included evidence that vehicle's owner's home was burglarized, the keys to the vehicle were taken in the burglary, and the car was stolen); *Carson*, *supra*, 592 A.2d at 1320 (evidence established vehicle's owner was awakened in the middle of the night to the sound of screeching tires, and saw his car was gone).

The Commonwealth implores this Court to infer from all the surrounding circumstances that I.M. knew or should have known he was operating a stolen vehicle, emphasizing I.M.'s attempt to flee and his inability to provide any paperwork.[6] However, while these factors are relevant considerations, as noted above, the Commonwealth failed to establish that the vehicle was, in fact, stolen. Moreover, I.M. was operating the car with a key, and there was no damage to the window or steering column from which one could infer I.M. was operating a stolen vehicle. *See Carson*, *supra*, 592 A.2d at 1321-1322 (evidence was sufficient for the fact finder to infer defendant knew the vehicle he was operating was stolen; defendant and cohorts fled immediately upon

---

[6] *See* Commonwealth's Brief at 11.

seeing officers approach **only minutes after** car was reported stolen, and car had "a broken vent window on the passenger side of the car and a broken steering column.").

Similarly, by neglecting to present any testimony from the vehicle's renter, the Commonwealth also failed to establish I.M. did not have consent to operate the vehicle – a necessary element of his conviction of unauthorized use of a vehicle. *See* 18 Pa.C.S. 3928(a) ("A person is guilty of a misdemeanor of the second degree if he operates the automobile … of another without consent of the owner."). Indeed, no one, including the Enterprise representative, testified that I.M. did not have permission to operate the car.[7] *See* Trial Court Opinion, 12/27/2017, at 2.

While we recognize "the Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence[,]"[8] we agree with the juvenile court's ultimate conclusion that the Commonwealth simply failed to carry its burden of proof in this case. The court was not required to infer I.M. knew the car was stolen, absent any explanation of the circumstances surrounding the theft, or, for that matter, hearsay testimony that the vehicle had been, in fact, stolen. Similarly,

_____

[7] The Commonwealth does not argue the fact I.M. was only 15 years old, and legally unable to obtain a driver's license, in and of itself established the lack of consent element in the crime of unauthorized use. Indeed, an owner may give an unlicensed driver consent to operate his vehicle.

[8] *V.C.*, *supra*, 66 A.3d at 349 (quotation omitted).

the court was not required to infer I.M. did not have consent to operate the vehicle without testimony from the renter.

Because we agree with the assessment of the juvenile court that the evidence was insufficient to support I.M.'s adjudications on the charges of RSP and unauthorized use of a vehicle, we vacate the dispositional order, and reverse the adjudication of delinquency.

Dispositional order vacated. Adjudication of delinquency reversed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/9/18