J-S48045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF A.T., | : | IN THE SUPERIOR COURT |
| A MINOR | : | OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF A.T., | : | |
| A MINOR | : | No. 2304 EDA 2018 |

Appeal from the Order Entered July 3, 2018
in the Court of Common Pleas of Philadelphia County
Juvenile Division at No(s):  CP-51-JV-0000989-2018

BEFORE:   BOWES, J., SHOGAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED OCTOBER 29, 2019**

A.T. (Appellant) appeals from the July 3, 2018 dispositional order, following his adjudication of delinquency for unauthorized use of a motor vehicle.  On appeal, Appellant alleges that the evidence was insufficient to sustain his adjudication.  Upon review, we affirm.

On May 27, 2018, while on patrol in a marked car, Philadelphia Police Officer Terrell[1] and his partner witnessed Appellant and another juvenile male pushing a motorbike[2] by the handlebars shortly after midnight on Fairmount Avenue in Philadelphia.  Officer Terrell's partner directed Appellant and the other individual to stop.  Appellant and the other individual dropped the

---

[1] The officer's first name is not a part of the notes of testimony from the adjudication hearing.  ***See generally***, N.T., 7/3/2018.

[2] The record refers to the vehicle as a motorbike, bike, and motorcycle.  For consistency, we will refer to it as a motorbike.

* Retired Senior Judge assigned to the Superior Court.

motorbike and fled on foot. Appellant was apprehended by Officer Terrell; the other individual was not apprehended. According to Officer Terrell, he observed a key broken off in the ignition of the motorbike. Upon running the motorbike's license plate, Officer Terrell learned it was listed as stolen. The day before, on May 26, 2018, the motorbike's owner, Alexander Rylander, had reported his motorbike stolen from the front of his home. Rylander was contacted by Officer Terrell and came to the scene shortly after.[3] Officer Terrell testified that Rylander then started the motorbike with the broken key.

Based upon this incident, Appellant was charged with theft, receiving stolen property, and unauthorized use of a motor vehicle. After a hearing on July 3, 2018, the juvenile court granted Appellant's motion for judgment of acquittal for the theft and receiving stolen property charges, adjudicated Appellant delinquent of unauthorized use of a motor vehicle, and ordered Appellant to pay restitution of $250.00. This timely-filed appeal followed. Both Appellant and the juvenile court complied with Pa.R.A.P. 1925.

On appeal, Appellant challenges the sufficiency of the evidence to adjudicate him delinquent of unauthorized use of motor vehicle. Appellant's Brief at 3. Specifically, Appellant argues that the "act of pushing a motorbike did not meet the definition of operation under the statute." *Id.*

_____

[3] According to Rylander, when he arrived at the scene, no key was in the ignition and he possessed the keys to the motorbike.

We begin with the law applicable to Appellant's contention that the evidence offered by the Commonwealth was insufficient to sustain his adjudication.

> In a juvenile proceeding, the hearing judge sits as the finder of fact. The weight to be assigned the testimony of the witnesses is within the exclusive province of the fact finder. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth.
>
> In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.

*Interest of J.J.M.*, ___ A.3d ___, 2019 WL 4267109 at *2 (Pa. Super. 2019) (citations and quotation marks omitted).

Our legislature has defined the crime of unauthorized use of automobiles and other vehicles as follows.

> **(a) Offense defined.**--A person is guilty of a misdemeanor of the second degree if he operates the automobile, airplane, motorcycle, motorboat, or other motor-propelled vehicle of another without consent of the owner.
>
> **(b) Defense.**--It is a defense to prosecution under this section that the actor reasonably believed that the owner would have consented to the operation had he known of it.

18 Pa.C.S. § 3928.

> [A] conviction for unauthorized use of a vehicle must be predicated on proof that the defendant operated the vehicle without the owner's consent and that the defendant knew or had reason to know that he lacked the owner's permission to operate the vehicle.

**Commonwealth v. Carson**, 592 A.2d 1318, 1321 (Pa. Super. 1991) (citations omitted). To be convicted of unauthorized use of a vehicle, the Commonwealth need not prove the defendant was actually driving the vehicle, but must establish that he or she had "the requisite dominion and control over the [vehicle]." **Id.** at 1322-23, *citing* **In re Scott**, 566 A.2d 266, 267 (Pa. Super. 1989). The requisite dominion and control, *i.e.*, operation of the vehicle, may be established by circumstantial evidence and inferred based on the totality of the circumstances. **Id.**

With respect to the element of operation under the statute, the juvenile court offered the following.

> As to operation of the vehicle, Officer Terrell clearly and credibly testified that he witnessed a key in the ignition and that the owner was able to start the [motorbike] upon his arrival. Thus[,] the vehicle was operational and had been operated by [Appellant] as evidenced by the key in the ignition.
>
> ***
>
> In the instant case, the totality of the circumstances demonstrated: 1. [Appellant] pushing [motorbike], 2. flight upon seeing police officer, 3. key broken in the ignition, and 4. the owner's testimony of non[-]permission. [The juvenile] court found the evidence sufficient to uphold a finding of guilt and adjudicated [Appellant] delinquent.

Juvenile Court Opinion, 10/22/2018, at 4-6.

Viewing the evidence and all reasonable inferences therefrom in the light most favorable to the Commonwealth, we find that the juvenile court, as factfinder, could reasonably conclude from the totality of the circumstances that Appellant was guilty of unauthorized use of a vehicle. There is no dispute that the Commonwealth proved the motorbike was recently stolen and that its owner had not given Appellant permission to operate it. The juvenile court found the totality of the circumstances sufficient to infer Appellant's dominion and control over the vehicle. The evidence established that shortly after midnight, Appellant was pushing a stolen motorbike with a broken key in the ignition, in close proximity to and a short time after the theft occurred. N.T., 7/3/2018, at 3-6, 12-13. The broken key was later used to start the motorbike. *Id.* at 12. The court could reasonably infer that Appellant was the person who moved the motorbike to that location and placed the key in the ignition, establishing Appellant's dominion or control over the motorbike. Further, Appellant dropped the motorbike and fled the scene when police arrived. *Id.* at 4; *see also Carson*, 592 A.2d at 1322 ("[E]vidence of flight corroborates the inference of guilty knowledge."). Based on the foregoing, the totality of the circumstances establishes that Appellant was guilty of unauthorized use of a vehicle. *See Carson*, 592 A.2d at 1323 (finding sufficient evidence to establish Carson operated car under unauthorized use of vehicle statute, where Carson exited a parked car and fled upon seeing police officers, and car was recently stolen, parked close to where it had been

stolen, and had a broken steering column and vent window); *Commonwealth v. Marrero*, 914 A.2d 870, 873 (Pa. Super. 2006) (affirming conviction for unauthorized use of vehicle where sole direct evidence was the presence of Marrero's fingerprints under the hood of the stolen vehicle, "allow[ing] for an inference that [Marrero] was the person who removed the engine, which was an exercise of conscious control or dominion over the vehicle"); *Commonwealth v. Johnson*, 489 A.2d 821 (Pa. Super. 1985) (holding evidence sufficient to establish Johnson operated vehicle within meaning of unauthorized use of vehicle statute, where Johnson was sitting behind wheel of vehicle that was "hung up" on guardrail and partially blocking roadway, with a key in the ignition, even though vehicle was not running or functional); *In re Scott*, 566 A.2d at 269 (holding "where a passenger in a stolen vehicle flees for the purpose of avoiding arrest, a fact finder may infer therefrom the dominion and guilty knowledge necessary to convict" on a charge of unauthorized use of a vehicle).

To the extent Appellant argues that the court should have believed Rylander's testimony relating to the key, *see* Appellant's Brief at 8, such a claim goes to the weight, not sufficiency, of the evidence. It is apparent that the juvenile court credited Officer Terrell's testimony and we cannot re-weigh such evidence. *Commonwealth v. N.M.C.*, 172 A.3d 1146, 1149 (Pa. Super. 2017) ("[T]he fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence

and substitute our judgment for that of the fact-finder.") (citation omitted). Further, to the extent that Appellant argues there are discrepancies between Officer Terrell's and Rylander's testimony, *see* Appellant's Brief at 8, "[s]uch credibility determinations … go to the weight, not the sufficiency of the evidence." ***Commonwealth v. Bowen***, 55 A.3d 1254, 1262 (Pa. Super. 2012).

Based on the foregoing, the evidence is sufficient to sustain Appellant's adjudication for unauthorized use of an automobile and we discern no error by the juvenile court. Accordingly, Appellant's claim that there was insufficient evidence to sustain his conviction fails.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/19