J-S24024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEVEN DELEANOR HILL | : | |
| | : | |
| Appellant | : | No. 658 WDA 2023 |

Appeal from the Judgment of Sentence Entered May 9, 2023
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008022-2022

BEFORE: BOWES, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.: **FILED: September 25, 2024**

Steven Deleanor Hill ("Hill") appeals from the judgment of sentence imposed following his convictions for unauthorized use of an automobile and related offenses.[1] Hill challenges the sufficiency of the evidence supporting his conviction for unauthorized use of an automobile. We affirm.

On October 5, 2022, Officer Jeremy Belusar ("Officer Belusar"), of the Tarentum Police Department, was in a marked patrol car when he observed a black Ford Fusion pass him. **See** N.T., 5/9/23, at 7-8. The patrol car, equipped with an automated license plate reader, notified Officer Belusar the license plate on the Ford Fusion had been reported stolen. **See id**. Officer

---

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. § 3928(a); **see also** 75 Pa.C.S.A. § 1543(a); 75 Pa.C.S.A. § 1786(f).

Belusar initiated a traffic stop and found Hill as the driver of the vehicle. ***See id***. at 9-10. Hill had a suspended license, and was unable to show any documentation verifying the vehicle's purchase, registration, or proof of insurance.[2] ***See id***. at 10,13. Officer Belusar then ran the vehicle's VIN and discovered that the vehicle was registered to Mackenzie Tomasic ("Tomasic") who reported the vehicle stolen two days prior. ***See id***. at 9-10. Tomasic did not know Hill, nor did he give Hill permission to use his vehicle. ***See id***. at 5. Additionally, the vehicle possessed no physical damage outside of what Tomasic believed already existed. ***Id***. at 14. Hill was arrested and charged as noted above.

At the close of the non-jury trial, the trial court found Hill not guilty as to receiving stolen property and license plate on an improper vehicle. The trial court found Hill guilty of unauthorized use of automobiles, driving with a suspended license, and operating a vehicle without insurance. On May 9, 2023, the trial court sentenced Hill to a term of one year of probation. ***See*** Sentencing Order, 5/9/23. This timely appeal followed.[3]

Hill raises the following issue for our review:

Whether the evidence was insufficient to convict [] Hill of unauthorized use of automobiles, where the Commonwealth failed

---

[2] After Hill was detained, body cam footage revealed that Hill's girlfriend discovered the vehicle's registration paperwork which confirmed the vehicle was registered to Tomasic. ***See*** Officer Belusar's Body Cam at 14:55.

[3] Hill and the trial court complied with Pa.R.A.P. 1925.

to prove, beyond a reasonable doubt, that he knew or had reason to know that he lacked the owner's consent to use the vehicle?

Hill's Brief at 5.

In his sole issue on review, Hill challenges the sufficiency of the evidence supporting his unauthorized use of automobiles conviction. We review such challenges with great deference to the fact finder:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none or the evidence.

*Commonwealth v. Gause*, 164 A.3d 532, 540-541 (Pa. Super. 2017)(*en banc*) (citation omitted).

Section 3928 provides as follows:

§ 3928. Unauthorized use of automobiles and other vehicles

(a) Offense defined.--A person is guilty of a misdemeanor of the second degree if he operates the automobile … of another without consent of the owner.

18 Pa.C.S.A. § 3928.

"[A] conviction for unauthorized use of a vehicle must be predicated on proof that the defendant operated the vehicle without the owner's consent and that the defendant knew or had reason to know that he lacked the owner's permission to operate the vehicle." **Commonwealth v. Carson**, 592 A.2d 1318, 1321 (Pa. Super. 1991) (citations omitted). To meet its burden, the Commonwealth was required to present evidence Hill acted at least recklessly regarding the lack of Tomasic's permission to operate the vehicle. **See id**. at 1322. The Commonwealth may establish recklessness through purely circumstantial evidence, as "there is rarely any direct evidence of one's subjective state of mind". **Commonwealth v. Utter**, 421 A.2d 339, 341 (Pa. Super. 1980) (citation omitted). The Crimes Code defines "reckless" as follows:

> A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S.A. § 302(b)(3).

Hill claims that under the totality of the circumstances, the evidence presented by the Commonwealth was not sufficient to support his unauthorized use of automobiles conviction. **See** Hill's Brief at 21. Specifically, Hill argues that the evidence failed to establish he knew or

had reason to know that he did not have consent to operate Tomasic's vehicle.
*See id*. at 25-26.

The trial court disagreed, explaining:

Contrary to [Hill's] assertion, the testimony and evidence admitted at trial established that [Hill] was found operating a vehicle without the consent of the lawful owner. Further, [Hill] was unable to provide proof of purchase, registration, or proof of insurance to substantiate his claims of having just purchased the vehicle.

Here, when viewed in their totality, the facts and circumstances clearly support the finding that [Hill] operated the vehicle in question without the consent of the owner, [] Tomasic, and [Hill's] intent was sufficiently proven by the surrounding circumstantial evidence.

Trial Court Opinion, 11/2/23, at 6.

After a thorough review of the record and the law, we conclude the trial court did not err in finding the evidence sufficient to sustain Hill's conviction. Tomasic, the owner of the vehicle Hill was driving, testified that he did not know Hill prior to the incident and never gave Hill permission to operate his vehicle. *See* N.T., 5/9/23, at 5. While Hill stated to Officer Belusar that he recently purchased the vehicle, Hill was unable to provide details about the seller. *See* Officer Belusar's Body Cam at 1:23-1:50. Additionally, Hill did not possess the necessary documents to show he purchased the vehicle. Hill had a suspended driver's license and could not provide proof of insurance. *See* N.T., 5/9/23, at 10, 13. All of these factors taken together show Hill was not authorized to drive the vehicle at issue and circumstantial evidence that he "knew or had reason to know that he lacked the owner's permission to

operate the vehicle", **see Carson,** *592 A.2d at 1321,* and allows for the reasonable conclusion that Hill acted at least recklessly regarding consent to operate the vehicle. **See Commonwealth v. Utter**, 421 A.2d at 341 (finding the defendant possessed the necessary *mens rea* for his conviction of unauthorized use of an automobile when the evidence showed that the vehicle was stolen, the owner did not give the defendant permission to use it, the defendant's explanation of possessing the vehicle was implausible and questionable, and the defendant could not produce a driver's license or registration card).

We are not persuaded by Hill's argument that his cordial demeanor towards Officer Belusar coupled with the lack of physical damage to the stolen vehicle requires the conclusion that Hill could not have acted recklessly. **See** Hill's Brief at 25-26. A stolen vehicle's undamaged condition has little probative value regarding the state of mind of the operator and does not mitigate otherwise proper inferences of recklessness regarding the absence of the owner's consent. **See Commonwealth v. Hogan**, 468 A.2d 493, 498 (Pa. Super. 1983). Additionally, the test for recklessness considers all relevant circumstances. **See Commonwealth v. Henderson**, 304 A.2d 154, 157 (Pa. 1973) (holding the weighing of other circumstances is required as possession alone of stolen property is not sufficient evidence for a fact finder to conclude guilt).

We agree with the trial court's determination that Hill's actions were reckless. ***See*** Trial Court Opinion at 5. Hill's actions driving Tomasic's car without permission, failing to provide a valid driver's license, vehicle registration, or proof of insurance, and his inability to prove the lawful purchase of the vehicle- established the proper *mens rea* necessary to support his conviction for unauthorized use of an automobile. ***See Hogan***, 468 A.2d at 497-498 (holding an inference of recklessness may be drawn with respect to the owner's lack of consent to operate a recently stolen automobile when appellant was stopped driving a vehicle reported stolen four weeks previously and appellant was unable to produce an owner's card or driver's license). Accordingly, there was sufficient evidence to prove unauthorized use of a vehicle, and Hill is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 09/25/2024