J-A06009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALLEN A. LANIER | : | |
| | : | |
| Appellant | : | No. 54 EDA 2024 |

Appeal from the Judgment of Sentence Entered December 11, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): Cp-51-CR-0008347-2022

BEFORE: PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.: **FILED APRIL 8, 2025**

Allen A. Lanier appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas on December 11, 2023, following his bench trial convictions for receiving stolen property and unauthorized use of an automobile. On appeal, Lanier challenges the sufficiency of the evidence supporting his convictions. We affirm.

We review a challenge to the sufficiency of the evidence presented at a bench trial with great deference to the credibility determinations of the fact finder:

> Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact

_____

[*] Former Justice specially assigned to the Superior Court.

to find that each element of the crimes charged is established beyond a reasonable doubt.

***Commonwealth v. Akhmedov***, 216 A.3d 307, 322 (Pa. Super. 2019) (citation omitted).

Furthermore:

In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Gause***, 164 A.3d 532, 540-41 (Pa. Super. 2017) (*en banc*) (citation omitted).

Viewed favorably to the Commonwealth, and as supported by the record, the trial court summarized the evidence upon which Lanier was convicted as follows:

On October 12, 2022, Officer Lombardo was on duty as a member of the Philadelphia Police Department when his tour took him to the 2000 block of West Hunting Park Avenue in the City and County of Philadelphia. Office[r] Lombardo observed [Lanier]'s vehicle traveling eastbound near the 2000 block of West Hunting Park Avenue at a high rate of speed, weaving in and out of traffic. The Officer also observed the vehicle displaying a heavy tint. Officer Lombardo then drove behind [Lanier]'s vehicle and activated his lights, and [Lanier] came to a complete stop. Officer

- 2 -

Lombardo testified that he initiated the stop due to the heavy tint and because the vehicle had the Pennsylvania plate LNZ-1509, which when ran through the National Crime Information Center (hereinafter "NCIC"), came back as an unregistered Subaru in stolen status from North Carolina. [Lanier] was driving a 2001 gold Chevrolet Impala at the time.

When Officer Lombardo approached the driver's side of the vehicle, [Lanier] could not produce a driver's license and only had a Pennsylvania identification card. Officer Lombardo then asked [Lanier] if he had any paperwork for the vehicle, but [Lanier] could not provide any form of documentation, such as the vehicle's title, registration, or insurance. After [Lanier] could not provide any documents, Officer Lombardo attempted to view the vehicle's Vehicle Identification Number (hereinafter "VIN") from the front windshield dash, but it was covered by a piece of paper, and he was unable to remove the paper to read the VIN. Officer Lombardo then testified that [Lanier] stated he "bought it a few months prior from someone" but could not recall [Lanier] providing information regarding the method of how he purchased the vehicle. [Officer Lombardo] further testified that the vehicle was being operated with keys, that there was no damage to the vehicle, nor was the steering wheel locked. The Officer recovered from the backseat of the vehicle an expired, temporary Pennsylvania tag, and on the temporary tag, there was no VIN displayed where "Volkswagon" was written. The temporary tag registration was issued out of a Pittsburgh car dealership for another model of vehicle.

Trial Court Opinion, 4/25/24, at 1-3 (footnotes and citations omitted). Based on the above, Lanier was arrested and charged with receiving stolen property and unauthorized use of an automobile.

On October 10, 2023, Lanier proceeded to a bench trial. After the Commonwealth rested its case, Lanier moved for a judgment of acquittal, which was denied by the trial court. *See* N.T., Waiver Trial, 10/10/23, at 20-21. Lanier did not present any evidence on his own behalf. *See id.* at 21. Following closing arguments, the trial court found Lanier guilty of both

charges. Sentencing was deferred for preparation of a pre-sentence investigation report and mental health evaluation.

On December 11, 2023, the trial court sentenced Lanier to an aggregate term of 6 to 12 months' imprisonment followed by 3 years' probation. Lanier did not file any post-sentence motions. This timely appeal followed.

On appeal, Lanier argues the evidence was insufficient to convict him of either receiving stolen property or unauthorized use of an automobile because the Commonwealth failed to establish the *mens rea* for either crime.

A person commits the offense of receiving stolen property "if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen." 18 Pa.C.S.A. § 3925(a). A person is guilty of the unauthorized use of an automobile if he operates an automobile without the owner's consent and knew or had reason to know that he lacked the owner's permission to operate the vehicle. ***See*** 18 Pa.C.S.A. § 3928(a).

In order to establish the *mens rea* element of the crime of receiving stolen property, the Commonwealth must prove that the accused possessed property with "guilty knowledge," i.e., "knowing that it has been stolen, or believing that it has probably been stolen …" 18 Pa.C.S.A. § 3925(a). Meanwhile, the *mens rea* burden under the unauthorized use of an automobile charge is not as strict as the one for receiving stolen property. For the intent element of the latter offense the Commonwealth must show the defendant

was at least reckless with respect to the owner's lack of consent to the accused's operation of the vehicle. *See Commonwealth v. Hogan*, 468 A.2d 493, 495-96 (Pa. Super. 1983); *see also Commonwealth v. Carson*, 592 A.2d 1318, 1322 (Pa. Super. 1991).

> Guilty knowledge (like all culpable mental states) may be proved by circumstantial evidence. Often, intent cannot be proven directly but must be inferred from examination of the facts and circumstances of the case. When examining the totality of the circumstances to determine if there is sufficient evidence from which a jury could infer the requisite *mens rea,* we must, as with any sufficiency analysis, examine all record evidence and all reasonable inferences therefrom.

*Commonwealth v. Newton*, 994 A.2d 1127, 1132 (Pa. Super. 2010) (citations and quotation marks omitted).

Here, the court found that the evidence was sufficient to convict Lanier of both the crime of receiving stolen property and unauthorized use of an automobile.

We recognize that Lanier was fully cooperative with the officers. Further, there were no displays of any physical manifestations of theft. *See Commonwealth v. Matthews*, 632 A.2d 570, 572 (Pa. Super. 1993) ("[P]hysical manifestations of theft [include] signs of forced entry, broken ignition system, or obliterated vehicle identification number.").

However, not only was Lanier unable to produce registration, proof of insurance, or title, *see* N.T., Waiver Trial, 10/10/23, at 18, but he also was unable to produce a driver's license. *See id.* at 11 (stating Lanier could not produce a driver's license, only a Pennsylvania Identification card).

Further, the trial court, sitting as fact-finder, focused on the fact that the VIN was covered with a piece of paper which was not capable of being removed, and that a temporary registration was found in the back of the car that was expired by at least a couple months, and belonged to another vehicle. Taken together, the totality of the circumstances was sufficient to support an inference that Lanier had guilty knowledge that the car was probably stolen and satisfies the *mens rea* for the receiving property charge.

As we already indicated, the *mens rea* burden under the unauthorized use charge is not as strict as the burden for receiving stolen property. Therefore, just as the evidence supported an inference of guilty knowledge of the car's theft, it also supported an inference of recklessness for purposes of the unauthorized use of an automobile. **See Hogan**, 468 A.2d at 497.

Based on the foregoing, we conclude the evidence was sufficient to establish Lanier's guilt for receiving stolen property and unauthorized use of an automobile. Our standard of review and deference to the court's factual findings and credibility determinations compels this result.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/8/2025