J-S04027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  : IN THE SUPERIOR COURT OF
                                         :       PENNSYLVANIA
                                          :
                v.                         :
                                          :
                                          :
JESSICA SCANLON                     :
                                          :
               Appellant         :       No. 619 EDA 2021

Appeal from the Judgment of Sentence Entered February 25, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division
at CP-51-CR-0001098-2019, MC-51-CR-0032480-2018

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY MURRAY, J.:           **FILED FEBRUARY 11, 2022**

Jessica Scanlon (Appellant) appeals from the judgment of sentence imposed after the trial court convicted her of terroristic threats and simple assault.[1]  We affirm.

The trial court recited the underlying facts as follows:

> On December 15, 2018, at approximately 1:30 p.m., Mr. Kieran Conway [(Conway)] was walking south on 27th Street toward Oakford Street, in Philadelphia, when he noticed that Appellant, who was sitting in the passenger seat of a moving car, was staring at him.  He knew Appellant because she previously had been his father's tenant.
>
> After he recognized Appellant, Conway observed her speaking to the driver of the car [(the driver)] as [Appellant] pointed at Conway.  Conway then heard Appellant state, "'F' that motherfucker right there; that's his punk ass; I told you not to fuck with North Philly; I told you I was going to have North Philly

---

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2706(a)(1), 2701(a).

come fuck you up," which Conway took as a direct threat. After hearing what Appellant said, Conway continued walking down the street and, as he did so, the driver of the car containing Appellant continued down the street keeping pace with Conway, who picked up his pace to a trot because he feared for his safety.

When Conway reached the corner, he crossed the street and went into a store because he knew that the store had video cameras inside and felt he would be safer there than out on the street. As soon as Conway entered the store, he heard the door to the establishment open at which time he took out his cell phone to record what thereafter might occur because he did not know if the cameras in the store were working. Conway then raised the phone toward the person who entered the store to commence recording. Conway identified this person as the driver of the car Appellant was riding in. The driver … then slapped Conway's phone away from him, then picked up the phone, and would not return it. The driver also began cursing at Conway and also threatened to beat him up "North Philly style."

At some point, Conway noticed that the driver had activated his (Conway's) phone, which was not password protected, and was heading for the store's exit. When Conway attempted to stop the driver from leaving with his phone, he and the driver began struggling. Conway eventually gained possession of his phone and when he did, he backed away from the driver. The driver then threw a few punches at Conway and also kicked him as [the driver] tried to get past Conway and out of the store. During the incident, Conway suffered some scratches and a fat lip. In addition, the screen protector on his phone was broken and his shirt was ripped. Finally, Conway testified that Appellant remained in the car at all times.

Trial Court Opinion, 8/2/21, at 2-3 (citations to notes of testimony omitted).

As a result of the incident between the driver and Conway, the Commonwealth charged Appellant with terroristic threats and simple assault, as well as robbery, criminal conspiracy, theft, receiving stolen property, and

recklessly endangering another person.[2] On January 23, 2020, the trial court presided at Appellant's non-jury trial, where Conway was the only witness. The court found Appellant guilty of terroristic threats and simple assault, and acquitted her of the remaining offenses.

On February 25, 2021, the trial court sentenced Appellant to an aggregate 3 years of probation. Appellant did not file post-sentence motions. On March 26, 2021, Appellant filed a *pro se* notice of appeal.

Preliminarily, we note that Appellant's *pro se* notice of appeal is defective, as it states an incorrect date of the order appealed from. **See** Pa.R.A.P. 904(d) ("The notice of appeal shall include a statement that the order appealed from has been entered on the docket."); **Commonwealth v. Martin**, 462 A.2d 859, 860 (Pa. Super. 1983) (overruled on other grounds) ("It is implicit in … [Rule] 904, which governs the content of the notice of appeal, that the correct date of the order appealed should be included in the notice of appeal."). Appellant purported to appeal from an order allegedly entered on the same date as the notice of appeal, *i.e.*, March 26, 2021.[3] The trial court, however, construed the notice of appeal — which included the relevant docket number — as pertaining to Appellant's judgment of sentence. **See** Trial Court Opinion, 8/2/21, at 1 ("Appellant filed a timely *pro se* notice

---

[2] 18 Pa.C.S.A. §§ 3701(a)(1)(iv), 903, 3921(a), 3925(a), 2705.

[3] The trial court docket does not reflect that any order was entered that day.

- 3 -

of appeal from the judgment of sentence"); *see also* Pa.R.A.P. 903(a) (30-day appeal period).

On April 21, 2021, this Court issued a rule to show cause as to why the appeal should not be quashed based on the defective notice of appeal. In response, Appellant's counsel (who was appointed after Appellant filed the *pro se* notice), clarified that the appeal is from the February 25, 2021 judgment of sentence. On May 27, 2021, we discharged the rule to show cause and referred the issue to this merits panel. Upon review, we decline to quash. *See Martin*, 462 A.2d at 860 (we may disregard an appellant's failure to satisfy Pa.R.A.P. 904(d), *supra*); *see also* Pa.R.A.P. 105 ("These rules shall be liberally construed to secure the just … determination of every matter"); *Commonwealth v. Ware*, 2022 WL 17202 (Pa. Super. 2022) (unpublished memorandum at n.1) (citing *Martin* and declining to quash in similar circumstances). We have amended the caption accordingly.

On June 24, 2021, Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement, and the trial court subsequently issued an opinion.

On appeal, Appellant presents two issues for review:

1. [Whether t]he evidence presented by the Commonwealth at trial was insufficient to convict [Appellant] of the crime of terroristic threats with the intent to terrorize another in violation of 18 Pa.C.S.A. Section 2706(A)(1) because, in substantial part, that evidence was presented against the driver of the vehicle that the Appellant was a passenger in, not against the Appellant[?]

2. [Whether t]he evidence presented by the Commonwealth at trial was insufficient to convict [Appellant] of the crime of

- 4 -

simple assault in violation of 18 Pa.C.S.A. Section 2701(A) because, in substantial part, that evidence was presented against the driver of the vehicle that the Appellant was a passenger in, not the Appellant[?]

Appellant's Brief at 3-4.

Appellant challenges the sufficiency of the evidence supporting her respective convictions. We address Appellant's issues together, mindful of our standard of review:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof or proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier-of-fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Widger*, 237 A.3d 1151, 1156 (Pa. Super. 2020) (citation omitted).

We first address whether Appellant preserved her sufficiency claims. To "preserve a sufficiency claim, the Rule 1925(b) statement must specify the element or elements upon which the evidence was insufficient." *Id.*; *see also*

*Commonwealth v. Cannon*, 954 A.2d 1222, 1228 (Pa. Super. 2008) ("When the appellant provides a [Rule 1925(b)] statement which is too vague to allow the trial court an opportunity to identify the issues raised on appeal, he/she has provided the functional equivalent of no Concise Statement at all." (citation omitted)). If the appellant does not specify such elements, the sufficiency claim is waived. *Commonwealth v. Roche*, 153 A.3d 1063, 1072 (Pa. Super. 2017); *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009).

Appellant, in her Rule 1925(b) statement, raised only vague challenges to the sufficiency of the evidence which failed to specify the element or elements alleged to be unsupported by sufficient evidence. Based upon this deficiency, the trial court determined that Appellant waived her sufficiency claims. *See* Trial Court Opinion, 8/2/21, at 5. Upon review, we agree. *See Roche*, 153 A.3d at 1072.

However, waiver notwithstanding, we would find Appellant's sufficiency challenges lack merit.

Appellant contends her conviction for terroristic threats cannot stand, as she "merely directed words in the direction[] of the Victim, Mr. Conway, at worst. [Appellant] may have even been stating those words to the driver by means of conversation, albeit unpleasant conversation." Appellant's Brief at 13.

The Crimes Code provides that a person commits terroristic threats, in relevant part, "if the person communicates, either directly or indirectly, a threat to … commit any crime of violence with intent to terrorize another[.]" 18 Pa.C.S.A. § 2706(a)(1).  Accordingly, to sustain a charge of terroristic threats:

> The Commonwealth must prove that 1) the defendant made a threat to commit a crime of violence, and 2) the threat was communicated with the intent to terrorize another or with reckless disregard for the risk of causing terror.  The harm sought to be avoided is the psychological distress that follows an invasion of the victim's sense of personal security.  Consequently, neither the defendant's ability to carry out the threat nor the victim's belief that it will be carried out is an essential element of the crime.

*Commonwealth v. Jackson*, 215 A.3d 972, 981 (Pa. Super. 2019) (citations omitted).  "In reviewing a statement alleged to be a terroristic threat, we do not look at the statement in a vacuum.  Instead, we must look at it in light of the surrounding circumstances."  *Commonwealth v. Anneski*, 525 A.2d 373, 376 (Pa. Super. 1987).

Here, the trial court explained:

> [T]he evidence presented by the Commonwealth established beyond a reasonable doubt that Appellant committed the crime of Terroristic Threats.  The evidence the Commonwealth presented established that Appellant directed a threat to commit a crime of violence against Conway without provocation of any kind with the intent to terrorize him when she stated to Appellant that she was going to "'F' that motherfucker right there; that's his punk ass; I told you not to fuck with North Philly; I told you I was going to have North Philly come fuck you up." … (N.T. 1/23/20, 7-8).  The remark clearly conveyed terror to Conway who immediately walked away from Appellant and sought refuge inside a store. The fact that after Appellant uttered her threat, the driver of the car drove parallel to Conway as Conway was leaving the area

confirmed that what Appellant stated was not merely an idle threat.

Trial Court Opinion, 8/2/21, at 6.

The evidence established that Appellant directed obscenity-laced threats of violence at Conway, after which Appellant's accomplice pursued and attacked Conway.[4]  *See* N.T., 1/23/20, at 7-8, 20-23.  We agree with the trial court's reasoning and conclusion that the Commonwealth presented sufficient evidence to support Appellant's conviction of terroristic threats.  *See*, *e.g.*, *Commonwealth v. Tizer*, 684 A.2d 597, 601 (Pa. Super. 1996) (rejecting sufficiency challenge to terroristic threats conviction where defendant initiated the confrontation with victim, threatened to stab and kill him, and then fled in a car); *see also* Trial Court Opinion, 8/2/21, at 6.

With respect to Appellant's conviction of simple assault, a person is guilty of this crime if she "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]"  18 Pa.C.S.A. § 2701(a).  "Bodily injury" is defined as "[i]mpairment of physical condition or substantial pain."  *Id.* § 2301.  "The Commonwealth need not establish the victim actually suffered bodily injury; rather, it is sufficient to support a conviction if the

---

[4] There is no merit to Appellant's claim that she could be found guilty of terroristic threats only under a theory of accomplice liability, because she "was not present at the scene of the crime that was committed by the driver[.]" Appellant's Brief at 11.  The evidence demonstrated that Appellant, not the driver, threatened Conway.  *See* N.T., 1/23/20, at 7-8; *see also id.* at 7 (Conway testifying he knew Appellant from previous encounters).

Commonwealth establishes an attempt to inflict bodily injury." *Commonwealth v. Martuscelli*, 54 A.3d 940, 948 (Pa. Super. 2012).

Appellant contends the Commonwealth failed to present sufficient evidence for her to be convicted of simple assault under an accomplice liability theory. Appellant's Brief at 15-16. Appellant argues she "could not be said to have attempted to cause or intentionally, knowingly or recklessly caused bodily injury to the [victim] in this case because [Appellant] was not in the store where the physical altercation between the driver and the [v]ictim took place." *Id.* at 16.

We have explained:

> Two prongs must be satisfied for a person to be labeled an "accomplice." First, there must be evidence that the person intended to aid or promote the underlying offense. Second, there must be evidence that the person actively participated in the crime by soliciting, aiding, or agreeing to aid the principal. Further, a person cannot be an accomplice simply based on evidence that he knew about the crime or was present at the crime scene. There must be some additional evidence that the person intended to aid in the commission of the underlying crime, and then aided or attempted to aid. For purposes of accomplice liability, no agreement is required, only aid. With regard to the amount of aid, it need not be substantial so long as it is offered to the principal to assist him in committing or attempt to commit the crime. The least degree of assistance in committing the offense is adequate to sustain the finding of responsibility as an accomplice.

*Commonwealth v. Adams*, 39 A.3d 310, 324 (Pa. Super. 2012) (citations omitted); *see also* 18 Pa.C.S.A. § 306 (governing accomplice liability).

- 9 -

"[E]ven non-substantial assistance, if rendered with the intent of promoting or facilitating the crime, is sufficient to establish complicity." *Commonwealth v. Gross*, 101 A.3d 28, 35 (Pa. 2014). "Accomplice liability may be established wholly by circumstantial evidence." *Commonwealth v. Mitchell*, 135 A.3d 1097, 1102 (Pa. Super. 2016) (citation omitted); *see also Commonwealth v. Knox*, 50 A.3d 749, 755-56 (Pa. Super. 2012) ("Proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities." (citation omitted)).

Here, the trial court found the evidence sufficient to convict Appellant of simple assault under the theory of accomplice liability. The court stated:

> [T]here was ample evidence presented that established that Appellant urged the driver of the car to follow Conway into the store and harass and assault him. Appellant did so through her words and gestures which clearly spurred the driver into action. Proof of this is found in what the driver said to Conway, which was very similar to what Appellant said to [Conway].[5] It was clear to this [c]ourt that Appellant solicited the driver to act.

Trial Court Opinion, 8/2/21, at 7 (footnote added).

Again, the record supports the trial court's reasoning and determination of guilt. Pursuant to our standard of review and the theory of accomplice liability, Appellant's actions and words in concert with those of the driver were

---

[5] Conway testified that the driver threatened to beat him "North Philly style." N.T., 1/23/20, at 18; *see also id.* at 7-8 (Conway testifying Appellant threatened him and stated: "I told you not to fuck with North Philly; I told you I was going to have North Philly come fuck you up.").

sufficient to establish that Appellant was guilty of simple assault.[6] ***See***, ***e.g.***,

***Commonwealth v. Driver***, 493 A.2d 778, 780 (Pa. Super. 1985) (evidence

sufficient to sustain defendant's conviction of, *inter alia*, simple assault under

an accomplice liability theory where the "circumstances surrounding the

commission of the crime … were sufficient to permit an inference that

[defendant and his accomplice] were engaged in an unlawful confederation"

to rob a taxi driver); ***see also Mitchell***, ***supra*** (accomplice liability may be

established by circumstantial evidence).

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/2022

---

[6] It also bears repeating that the trial court acquitted Appellant of the remaining offenses.